OPINION OF THE COURT
Martin B. Stecher, J.
Consolidated for disposition herewith are the plaintiff’s motion of July 6, 1979, for an order requiring the defendant Reserve Insurance Company to deposit property with this court and enjoining Reserve from removing from the State or transferring property deposited by it with American Reserve Insurance Company; a motion submitted on August 17, 1979 by the plaintiff for leave to join as a party defendant American Reserve Insurance Company and to assert a cause of action against that prospective defendant as surety for the obligation of the Reserve Insurance Company; and, a motion by defendant Reserve Insurance Company, also submitted on August 17, 1979, for an order dismissing the complaint or, alternatively, for a stay of all proceedings against Reserve Insurance Company (CPLR 2201) "pending the liquidation proceeding in the Circuit Court of Cook County, Illinois.”
Reserve Insurance Company is an Illinois corporation whose stock, apparently, is wholly owned by American Reserve Insurance Company, a New York corporation. Reserve (Illinois) has never been licensed to do business in New York State. Plaintiff, G. C. Murphy, is, according to American Reserve’s attorneys, a Delaware corporation whose principal place of business is in Pennsylvania. Murphy, however, is authorized to do business in New York and apparently maintains an office in New York for that purpose.
The action arises out of a policy of insurance written by Reserve (Illinois) which had an annual premium of approximately $1 million. Reserve (Illinois), it appears, was merely the insurer of record, the bulk of the policy obligations having been reinsured by various of the defendants and third-party defendants. Well in advance of the termination date of the policy, Reserve (Illinois) elected to cancel the policy. It is Murphy’s contention that a return premium of $875,000 which was due was never paid. It is Reserve’s (Illinois) contention that Murphy received and accepted credits from other insurers, also parties to this action, which credits were applied *732 to the premium on a substitute policy and which aggregated the return premium.
It has heretofore been determined that the policy was delivered by Reserve (Illinois) to Murphy or Murphy’s broker here in New York which constituted carrying on the business of insurance in this State for which Reserve (Illinois) had no license. Accordingly, an order was made under the provisions of subdivision 3 of section 59-a of the Insurance Law which required Reserve (Illinois) "before [filing] any pleading in any action * * * instituted against it [to] deposit with the clerk of the court in which such action * * '* is pending, cash or securities or file with such clerk a bond with good and sufficient securities, to be approved by the court, in an amount * * * fixed by the court sufficient to secure the payment of any final judgment which may be rendered in such action”. The amount of the bond so fixed was $1,077,000. The bond of a disinterested company was in due course supplied and thereafter, on application of Reserve, its parent’s bond in that sum was substituted.
Reserve (Illinois) is in liquidation in Cook County, Illinois, under the laws of that State. Its attorneys move to dismiss the action pursuant to the provisions of the Uniform Insurers Liquidation Act (Insurance Law, § 517 et seq.). Reserve’s (Illinois) attorneys also offer this motion in opposition to the motion to join American Reserve (New York) on the theory that by procuring a judgment of dismissal of the action against Reserve (Illinois) the terms of American Reserve’s (New York) bond can never be met and, therefore, no cause of action exists or will exist against American Reserve (New York). The American Reserve bond provides that: "The condition of the above obligation is such that in the event the plaintiff recovers judgment against defendant, Reserve Insurance Company, in this action and defendant, Reserve Insurance Company pays the plaintiff the full amount of the judgment so rendered, then this obligation is to be void, otherwise to be in full force and effect, and the surety covenants, in that event it shall pay such final judgment or so much thereof as shall not have been paid by defendant, Reserve Insurance Company, up to but not exceeding the amount of One million seventy-seven thousand ($1,077,000) dollars.”
Reserve’s (Illinois) attorneys also contend that subdivision 3 of section 59-a of the Insurance Law is not intended to apply *733 to the plaintiff G. C. Murphy because it was the intention of the Legislature, as expressed in subdivision 1 of section 59-a of the Insurance Law, that residents of this State be protected and that Murphy is not a resident of this State.
There are three answers to this question:
It is the law of this case that G. C. Murphy is entitled to the protection of subdivision 3 of section 59-a of the Insurance Law; a foreign corporation licensed to do business in the State and doing business in the State is a "resident” within the meaning of such statute; and, it would undoubtedly be a violation of Murphy’s rights under the Fourteenth Amendment to the United States Constitution to be afforded less protection under law than is provided to New York citizens when it is present in this jurisdication and doing business here.
Underlying the motion made by Murphy’s attorneys is the intent of the Uniform Insurers Liquidation Act (Insurance Law, § 517 et seq.) which has as its purpose the orderly liquidation of the assets of an insolvent insurer and the equitable allocation of those assets among creditors. Many States, including New York and Illinois, have enacted substantially similar statutes which permit a single jurisdiction to the extent possible, to administer the affairs of such a company.
Initially, there is doubt in my mind concerning the right of these attorneys for Reserve (Illinois) to make this motion. According to the order of the Circuit Court of Illinois, Cook County, the Illinois Director of Insurance "is hereby vested as liquidator with title to all property, contracts and rights of action of reserve insurance company and is hereby authorized to deal with the property, business and affairs of reserve insurance company and to sue and defend in the courts and tribunals, agencies or established panels of this State and other states in his name as Director of Insurance of the State of Illinois.” Nowhere in the moving papers of the attorneys for Reserve (Illinois) is there an allegation that this motion is made by or on behalf of the Director of Insurance of Illinois in his office as liquidator.
However, irrespective of standing, Reserve’s (Illinois) attorneys are not entitled to the relief they seek. Under ordinary circumstances, an action seeking compensation from the general assets (Insurance Law, § 517, subd 8) of the insurance company in liquidation would be required to be submitted in the liquidation proceeding in the domiciliary State, here lili *734 nois, or in the ancillary proceedings, if any (Insurance Law, § 521, subd 2). The requirements for the commencement of ancillary proceedings (Insurance Law, § 519, subd 1) do not appear to have been met in this State and, as indicated above, under ordinary circumstances, the action here should be stayed or dismissed with leave to the plaintiff to file its claim anew in Illinois.
The plaintiff’s claim here is not limited to the general assets of the plaintiff. The mandated bond filed pursuant to subdivision 3 of section 59-a of the Insurance Law makes the plaintiff Murphy the owner of a "secured claim” (Insurance Law, § 517, subd 11). As owner of a secured claim, the plaintiff is granted the option of surrendering the security and filing as a general creditor "or the claim may be discharged by resort to the security, in which case the deficiency, if any, shall be treated as a claim against the general assets of the insurer on the same basis as claims of unsecured creditors. If the amount of the deficiency has been adjudicated in ancillary proceedings as provided in this act, or if it has been adjudicated by a court of competent jurisdiction in proceedings in which the domiciliary receiver has had notice and opportunity to be heard, such amount shall be conclusive; otherwise the amount shall be determined in the delinquency proceedings in the domiciliary state” (Insurance Law, § 522, subd 4).
It is obvious from the foregoing, the Uniform Insurers Liquidation Act may not be used to deprive the plaintiff, G. C. Murphy, of the security provided to it under subdivision 3 of section 59-a of the Insurance Law or deprive this court of jurisdiction. The plaintiff has a right to continue to prosecute its claim in this court "by resort to the security” which presumably it has elected to do. To the extent that it may seek to establish its claim for any deficiency in the same proceedings and participate to the extent of such deficiency, if any, in the general assets of the defendant Reserve (Illinois), it may, of course, do so by giving appropriate notice to the Illinois liquidator.
It is obvious then that the motion to dismiss the complaint should be denied.
The plaintiff Murphy’s motion to require Reserve (Illinois) to deposit additional security with this court must be denied. That defendant no longer possesses any assets, the title to all of its assets having passed to the Superintendent of Insurance of Illinois as liquidator. The general assets of the estate may not now be made a portion of the security.
*735 The plaintiff Murphy also seeks to enjoin American Reserve (New York) the surety, from transferring any assets heretofore delivered to it by Reserve (Illinois) as security under the bond or otherwise for the purpose of the bond from being conveyed, transferred to anyone including the liquidator. In my view, such bonds have also ceased to be "general assets” of Reserve (Illinois) having, presumably, been deposited to secure, not the plaintiff, but American Reserve (New York) on its bond. As I have had prior occasion to hold, however, American Reserve (New York) appears to be in violation of section 47 of the Insurance Law in that its bond herein exceeds "ten percent of its surplus to policy holders,” no reinsurance of the risk having been demonstrated or other compliance shown (Insurance Law, § 315). To the extent that American Reserve (New York) has received property from Reserve (Illinois) to secure the bond, such property may be considered the equivalent of reinsurance (Insurance Law, § 315, subd 1, pars [a], [c]) and available as part of the "security” (Insurance Law, § 517, subd 11; § 522) provided to the plaintiff under subdivision 3 of section 59-a of the Insurance Law.
There is some reference in the Cook County order of liquidation to the fact that American Reserve (New York) is "in temporary receivership * * * in the State of Rhode Island.” Under such circumstances the deposit, if any, made by Reserve (Illinois) with American Reserve should remain subject to the further order of this court; and on service of a copy of the order with notice of entry together with the supplemental summons American Reserve (New York) shall be restrained from transferring or otherwise interfering with the collateral herein.
The motion to join American Reserve as party defendant is granted. Obviously, the plaintiff seeks to proceed against the security (Insurance Law, § 522, subd 4), the bond of American Reserve (New York). The latter is not only a proper party (CPLR 1002) but a necessary party (CPLR 1001) and, accordingly, a supplemental summons and amended or supplemental complaint may be served. Insofar as no proposed amendment to the complaint has been submitted with this motion, the language of such amendment or supplement shall be set forth either in the body of the order to be filed herein or as an appendix to that order.